UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff(s),<br><br>   v.<br><br>YOHANNES GEBREZGIE,<br><br>  Defendant(s). | No. 3-11-70028-BZ<br><br>**ORDER OF DETENTION<br>PENDING TRIAL** |

This matter came before the Court on January 24, 2011 for a detention hearing. The defendant, Yohannes Gebrezgie, was present and represented by Deputy Federal Public Defender Geoffrey Hanson. Assistant United States Attorney Derek Owens appeared for the government.

Having considered the parties' proffers, and the Pretrial Services report which recommends detention, I find that the government has met its burden of showing by clear and convincing evidence that he is a danger to the community, and that no conditions of release will reasonably assure the safety of the community. In so finding, I have considered the following factors:

1

1. Given the charges that the defendant faces, it is presumed, subject to rebuttal, that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." See 18 §§ U.S.C. 3142(e), (g)(1). Defendant has not met his burden of dispelling the presumption as to the safety of the community.

2. The defendant is charged by complaint in the Northern District of California with three offenses: engaging in the unlicensed distribution of firearms in violation of 18 U.S.C. § 922(a)(1); possessing a firearm in violation of 18 U.S.C. § 922(g)(1); and distribution of a controlled substance, specifically 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A)(viii). If convicted of the most serious count, he faces up to life in prison with a mandatory minimum term of 10 years imprisonment. This significant sentence provides defendant with an incentive to flee.

3. The defendant's ties to the community are mixed. His family lives in the area and would allow him to reside in their home if he were released. However, many of his previous arrests have occurred while he was living with his parents, which indicates an inability to control his behavior. Although defendant has lived in this country since approximately 1992, he also has ties to Sudan, where he still maintains a dual-citizenship. Moreover, defendant is currently unemployed, and has never had stable employment.

4. Risk of flight likely can be addressed by releasing

1 the defendant on a bond secured by his parents' property with
2 other conditions of supervision.  However, the government has
3 persuaded me that he presents a danger to the community.
4     5.  Defendant's criminal behavior began as a juvenile and
5 has been chronic for all of his adult life.  He has multiple
6 drug and firearm charges and convictions, often crimes he
7 committed while on parole.  He has a number of probation and
8 parole revocations.  His affiliation with the Crips street
9 gang causes concern.  There is a restraining order against
10 defendant that required him to surrender all firearms.  His
11 record and these charges suggest involvement in the dangerous
12 mix of drugs, violence, and firearms that Congress was
13 particularly concerned with in passing the Bail Reform Act of
14 1984.
15     6.  Defendant has not offered a viable proposal for
16 release that can ensure he will not continue to present a
17 danger to the community if released.  That many of defendant's
18 past offenses occurred while he was on parole or probation,
19 suggests he is not amenable to supervision.
20     7.  I find that the government has met its burden of
21 showing by clear and convincing evidence that the defendant is
22 a danger to the community, and that no conditions of release
23 will reasonably assure the safety of the community.
24     Based on the foregoing, the government's motion for
25 detention is **GRANTED**.
26     **IT IS HEREBY ORDERED** that:
27     1. The defendant be committed to the custody of the
28 Attorney General for confinement in a corrections facility

separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

    2. The defendant be afforded reasonable opportunity for private consultation with counsel;

    3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined shall deliver defendants to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated: January 25, 2011

_____
Bernard Zimmerman
United States Magistrate Judge

g:\bzall\criminal\orders\detention\20114Gebrezgie Detention Order.wpd